918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin David STEPHENSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5062.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 Martin David Stephenson appeals from a district court order denying his motion to vacate sentence, which he filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, Stephenson pleaded guilty to willfully and knowingly making a false statement as to a material matter to an agency of the United States, specifically the United States Secret Service, in violation of 18 U.S.C. Sec. 1001. The district court sentenced him to three months and three days in prison, followed by two years of supervised release.
 
 
 4
 In support of his motion to vacate his sentence, Stephenson alleged: (1) the district court for the Eastern District of Tennessee at Chattanooga lacked jurisdiction to prosecute; (2) the conviction was obtained by the failure of the prosecution to disclose to the defendant evidence favorable to Stephenson; (3) the defendant "may not have been competent" at the time he entered his guilty plea and at the time of the alleged crime; (4) Stephenson's plea of guilty was not made voluntarily or with an understanding of the nature of the charges and the consequences of the plea; and (5) the presentence report contained factual inaccuracies as to the defendant's criminal history. Further, Stephenson alleged that he received ineffective assistance of counsel, on the grounds that: (1) his attorney advised him to refrain from telling the jury that he did not remember placing the telephone call to the White House; (2) the attorney failed to motion the court for a competency hearing; and (3) his attorney had lied to him in regard to the reasons for a delay in contacting his client.
 
 
 5
 The district court denied Stephenson's motion and dismissed this action after discussing each of the allegations as set forth above. On appeal, Stephenson refers to his motion before the district court and states that those grounds are valid and sufficient to support the requested relief to vacate, set aside or correct his sentence. He has filed a separate motion for review of the district court's decision to not permit Stephenson to supplement the record with a certain affidavit of Rosemarie Roy Thomison. Stephenson also requests appointment of counsel.
 
 
 6
 Upon review, this court concludes that Stephenson has not shown that his conviction was fundamentally unfair or that he did not enter his plea of guilty voluntarily, knowingly and intelligently. Brady v. United States, 397 U.S. 742, 749 (1970). Further, the appellant has not shown that he would have insisted on going to trial rather than entering a guilty plea, but for his counsel's errors. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Finally, Stephenson has failed to establish that the district court which prosecuted his case lacked jurisdiction or that his conviction was obtained by failure of the prosecution to disclose evidence favorable to Stephenson. Fed.R.Crim.P. 18; United States v. Presser, 844 F.2d 1275, 1282 (6th Cir.1988).
 
 
 7
 Accordingly, we affirm the district court's judgment for the reasons stated in the district court's Memorandum and Order filed November 30, 1989, and Stephenson's request for counsel is hereby denied. We also affirm the district court's denial of Stephenson's motion to supplement the record with the affidavit of Rosemarie Roy Thomison, for the reasons stated in its order filed May 31, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.